UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GARFIELD M. TAYLOR,<br><br>Defendant. | Criminal Action No. 13-67 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Upon consideration of defendant Garfield M. Taylor's *pro se* Motion for Reconsideration ("Def.'s Mot. Recons."), ECF No. 116, the memorandum submitted by the government in opposition ("Gov't's Opp'n"), ECF No. 122, and the entirety of the underlying record, for the reasons set out below, defendant's motion is **GRANTED** and his Motion Under Rule 60(b) to Re-Open Habeas Corpus Proceedings Pursuant to § 2255 ("Def.'s Third Rule 60(b) Mot.") may be filed. That motion, however, is **DENIED** as a successive habeas petition, for which defendant must obtain pre-filing authorization from the United States Court of Appeals for the District of Columbia Circuit.

**I.    BACKGROUND**

In 2014, defendant pled guilty to one count of Securities Fraud, in violation of 15 U.S.C. §§ 78j and 78ff. *United States v. Taylor*, 254 F. Supp. 3d 145, 150 (D.D.C. 2017). This charge "stemm[ed] from his operation," from roughly 2006 to 2010, "of a Ponzi scheme that defrauded over 150 victims of over $25 million." *Id.* at 149. Though he assured prospective customers that he offered a "safe and lucrative" method to "provide his customers above-market returns through a covered-call trading strategy," defendant knowingly failed to inform his customers that he was in fact "engaging in trading strategies that involved a high degree of risk" and "using other

1

investors' principal—not trading profits—to pay for the large returns he had promised to earlier investors." *Id.* at 150 (internal quotations omitted).  The "highly risky trading strategies" defendant pursued "resulted in overwhelming losses," but, undeterred, he continued to target new victims.  *Id.* (internal quotations omitted).  Defendant "used two companies to facilitate this criminal activity" and, between the two entities, lost more than $25 million of principal invested through high-risk trades.  *Id.*  Even as he incurred these enormous losses to his investors, "defendant withdrew at least $2,500,000 over the course of his criminal activity for his own personal use." *Id.*  On May 12, 2015, defendant was sentenced to 156 months of incarceration.  Defendant was also ordered to pay restitution in the amount of $28,609,438 to the victims of his scheme.  *Id.* at 151.  Approximately one year after his sentence was imposed, on May 4, 2016, defendant's case was reassigned to the undersigned Judge, following the retirement of the original sentencing Judge.  *See* Min. Entry (May 4, 2016).

Soon after, on May 24, 2016, defendant filed a *pro se* motion under 28 U.S.C. § 2255, seeking to have his guilty plea and sentence set aside on the ground that he received ineffective assistance of counsel, which rendered his guilty plea not "knowing and voluntary."  Def.'s Mot. Vacate Under 28 U.S.C. § 2255 ("Def.'s § 2255 Mot."), ECF No. 79; Def.'s Mem. Supp. § 2255 Mot. at 14, ECF No. 79.  He also requested leave to conduct discovery of "all the materials" in the government's possession related to his conviction, Def.'s § 2255 Mot. at III, and to modify the consent protective order entered in his case to permit him to do so, Def.'s Expedited Mot. Leave Modify Protective Order Governing Disc., ECF No. 76.  On June 7, 2017, defendant's motions were denied.  Order, ECF No. 100; *see also Taylor*, 254 F. Supp. 3d at 149.  Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 failed because "the defendant fail[ed] to demonstrate any instances of ineffective assistance of counsel." *Taylor*, 254 F. Supp. 3d at

154. Likewise, defendant's request for additional discovery was rejected because he had not made the requisite showing of "good cause," *id.* at 159 (first quoting *Dist. Att'ys Off. for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 72 (2009); and then quoting *Strickler v. Greene*, 527 U.S. 263, 286 (1999)), and, even if he had done so, he had waived his "right to any further discovery or disclosures of information not already provided at the time of the entry of his guilty plea," *id.* (quoting Gov't's Opp'n Def.'s § 2255 Mot. at 1, 15–16, ECF No. 89)).

Over a month later, on July 21, 2017, defendant simultaneously appealed the Order denying his § 2255 petition and filed a new motion raising claims under Federal Rules of Civil Procedure 60(b)(1), 15(d), and 59(e), which motion was his first Rule 60(b) motion. *See* Notice of Filing of Def.'s Rule 60(b)(1) & 15(d) & 59(e), & Notice of Appeals, ECF No. 103; Mot. Relief Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) ("Def.'s First Rule 60(b) Mot."), ECF No. 103-1.[1] His Rule 60(b)(1) motion argued that the Court's conclusion, in deciding his § 2255 motion, that defendant had not demonstrated ineffective assistance of counsel "was an unreasonable application of clearly established law" and "contrary" to precedent, Def.'s First Rule 60(b) Mot. at 8, and that the Court had erred in denying him additional discovery due to his failure to identify the exculpatory evidence he sought and to satisfy the "good cause" standard, *id.* at 15–18.

---

[1] The U.S. Court of Appeals for the District of Columbia Circuit referred defendant's appeal to this Court for "determination whether a certificate of appealability [was] warranted." Order at 1, ECF No. 106. The certificate of appealability was denied because "defendant's arguments [were] either conclusory, irrelevant, or plainly contradicted by the record" and therefore did not satisfy the requirement for a certificate, that "the applicant ma[ke] a substantial showing of the denial of a constitutional right." Min. Order (Oct. 4, 2017) (citing 28 U.S.C. § 2253(c)(2)). On July 23, 2018, the D.C. Circuit denied defendant's motion for appointment of counsel for his direct appeal, finding that "[t]he interests of justice d[id] not warrant appointment of counsel," Order at 1, ECF No. 114, and also denied his request for a certificate of appealability because he "ha[d] not made 'a substantial showing of the denial of a constitutional right,'" *id.* (quoting 28 U.S.C. § 2253(c)(2)). As a result, defendant's direct appeal of the denial of his original § 2255 motion was dismissed. *Id.*

In a minute order issued on October 4, 2017, defendant's new motions, with the exception of his motion for permission to perfect his submission under Rule 15(d), were denied. Min. Order (Oct. 4, 2017). Defendant's Rule 59(e) motion for reconsideration was untimely because it was not filed within 28 days of the June 7, 2017 Order. *Id.* His Rule 60(b) motion was "'construe[d]' as 'in substance a . . . habeas petition,'" because it attacked the disposition of defendant's original § 2255 motion on the merits, Min. Order (Oct. 4, 2017) (alteration and omission in original) (quoting *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014)), and therefore was subject to "the limitations on second or successive motions" under 28 U.S.C. § 2255, *id.* (quoting *Arrington*, 763 F.3d at 23). Defendant was thus "required to obtain pre-filing authorization from the Court of Appeals before filing his Rule 60(b) motion in this Court," and the motion was denied as a result of his failure to do so. *Id.* (first citing 28 U.S.C. § 2255(h); and then citing *Arrington*, 763 F.3d at 23).

On December 14, 2017, defendant was granted leave to file three further *pro se* motions under Rules 15, 59(e), and 60(b), the last of which was his second Rule 60(b) motion. *See* Def.'s Mot. Alter or Amend Earlier Judgment Pursuant to Fed. R. Civ. P. 15(d) & 59(e), ECF No. 111; Def.'s Mot. Leave Alter or Amend Earlier Judgment Pursuant to Fed. R. Civ. P. 15(d) & 59(e), ECF No. 112; Def.'s Second Mot. Relief Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) ("Def.'s Second Rule 60(b) Mot."), ECF No. 113. Defendant's second Rule 60(b) motion, in relevant part, again advanced the argument that he had received ineffective assistance of counsel, *id.* at 17–20, 25–30, and asserted that the § 2255 judgment was "void" under Rule 60(b)(4) because "no ruling" was issued on four additional discovery motions filed by defendant with his § 2255 motion, *id.* at 14–17, which had been denied as moot in light of the Court's decision that defendant was not entitled to additional discovery, *see Taylor*, 254 F. Supp. 3d at 160 n.7.

4

All three motions were resolved by a Minute Order issued on December 15, 2017, which granted defendant leave to file his Rule 15(d) and 59(e) Motion and his Second Rule 60(b)(1) Motion, but denied those motions on the merits because they were "virtually identical to previously filed motions which the Court [had] previously denied" in its October 4, 2017 Minute Order. Min. Order (Dec. 15, 2017). The Court rejected "[t]he defendant's only new claim," that his first Rule 60(b)(1) Motion "should not have been construed as a successive 28 U.S.C. § 2255 motion," because that claim was "precluded as a matter of law by *U.S. v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014)." *Id.*

Earlier this year, defendant sought to file his third *pro se* Rule 60(b) motion to reopen his postconviction relief proceedings. *See* Def.'s Mot. Under Rule 60(b) to Re-Open Habeas Corpus Proceedings Pursuant to § 2255 ("Def.'s Third Rule 60(b) Mot."). This motion again sought to reopen defendant's § 2255 proceedings because "denial of [additional] discovery prevented him from demonstrating his entitlement to collateral relief," *id.* at 5, and "records . . . obtained [by defendant] after the denial of collateral relief" would have supported a finding of ineffective assistance of counsel and a resulting decision to vacate his sentence, *id.* at 7, *see also id.* at 6–10. Defendant submitted a number of exhibits with his motion. These documents, consisting primarily of financial statements, bank records, and checks from defendant's former companies and investors, constitute at least some portion of the new evidence that, defendant claims, he was prevented from obtaining and that would have proven his right to collateral relief.[2] On March 13, 2020, leave to file the third Rule 60(b) motion was denied because the motion "ha[d]

---

[2] Notably, defendant indicates that he received these documents "from attorney," Def.'s Third Rule 60(b) Mot. at i, and the return address from the package in which he received them, on November 8, 2018, indicates "Mr. Albert Wilson, Veda Law, LLC" as the sender, *id.*, Ex. 1, Package Authorization Form & Mailing Label from Attorney. In his Motion for Reconsideration, defendant refers to these documents as "evidence movant received from attorney Albert Wilson in 2018." Def.'s Mot. Recons. at 2.

5

previously been denied." Min. Entry (Mar. 13, 2020). In response, defendant submitted a motion, dated April 6, 2020, seeking reconsideration of "this Court's memo-endorsed Order denying his Rule 60(b)(4) motion, pursuant to Fed. R. Civ. P. 59(e)," which motion was entered on the docket on April 24, 2020. Def.'s Mot. Recons. at 1.

## II.  DISCUSSION

### A.  Motion for Reconsideration

Defendant seeks reconsideration "pursuant to Fed. R. Civ. P. 59(e)," of the "memo-endorsed Order denying his Rule 60(b)(4) motion," Def.'s Mot. Recons. at 1, which, he contends, "contains newly-raised questions for consideration which are based on factually supported evidence he was previously deprived of obtaining," *id.* at 2. He points to the new evidence proffered, which he "received from attorney Albert Wilson in 2018," after the denial of defendant's first and second Rule 60(b) motions, as a differentiating factor that "brings into question this Court's § 2255 judgment" on grounds not previously explored. *Id.* at 2. The government argues in opposition that leave to file was properly denied because defendant's third Rule 60(b) motion "was the same motion that the Court had previously denied" and further, that "there is no ruling on the defendant's Rule 60(b) motion for the Court to reconsider." Gov't's Opp'n at 4.

Federal Rule of Civil Procedure 59(e) allows a party to file "[a] motion to alter or amend a judgment" within 28 days of the entry of that judgment. Rule 59(e) motions are generally used "'only' to 'reconsider[] matters properly encompassed in a decision on the merits,'" *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (alteration in original) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982)), and "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to

correct a clear error or prevent manifest injustice," *Dyson v. District of Columbia*, 710 F.3d 415, 420 (D.C. Cir. 2013) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004)). Under this discretionary standard, a district court may deny a Rule 59(e) motion that does "nothing more than rel[y] on the same arguments that [the movant] originally made." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (first alteration in original) (internal quotations and citations omitted).

Defendant's third Rule 60(b) motion presents substantially the same legal argument made in his first two Rule 60(b) motions, that is, that he was wrongly denied the ability to obtain additional discovery in support of his original § 2255 motion, an error which ultimately prevented him from obtaining collateral relief. Nonetheless, the Court recognizes that defendant's most recent motion is somewhat different from his earlier motions, insofar as it relies on the new evidence presented as the basis on which to challenge the denial of discovery during his habeas proceedings. Defendant's Motion for Reconsideration, and leave to file his third Rule 60(b) motion, is therefore granted. His third Rule 60(b) motion is considered in turn.

### B. Rule 60(b) Motion

Defendant's instant Rule 60(b)(4) motion "directly challeng[es] the integrity of his § 2255 proceedings because the denial of discovery prevented him from demonstrating his entitlement to collateral relief." Def.'s Third Rule 60(b) Mot. at 5. Federal Rule of Civil Procedure 60(b)(4) allows a court to grant relief from a prior judgment if "the judgment is void." Rule 60(b), like any rule of civil procedure, applies in habeas proceedings "only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules." *Gonzales v. Crosby*, 545 U.S. 524, 529 (2005) (alteration in original) (internal quotations omitted). As relevant here, the habeas statute dictates that a district court may not consider any second or

successive petition or relief under 28 U.S.C. § 2255 without prior authorization from a court of appeals.  28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244.  Rule 60(b) motions necessarily follow the prior resolution of a § 2255 motion; as a result, Rule 60(b) is of limited application in the habeas context.  A Rule 60(b) motion may be brought to "attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of federal habeas proceedings."  *Crosby*, 545 U.S. at 532; *see also Arrington*, 763 F.3d at 22 (extending *Crosby* to § 2255 motions).

In the habeas context, "[q]uintessential examples of proper Rule 60(b) arguments . . . include that a witness committed fraud on the court or that the court, in denying the [underlying] § 2255 motion, misapplied a rule that precluded a merits determination, such a 'failure to exhaust, procedural default, or statute-of-limitations bar.'"  *United States v. Fields*, 387 F. Supp. 3d 1, 4–5 (D.D.C. 2019) (first quoting *Crosby*, 545 U.S. at 532 nn.4–5; and then citing *United States v. Rice*, No. 03-cr-441 (RBW), 2019 WL 1778509, at *2 n.2 (D.D.C. Apr. 22, 2019)).  On the other hand, "a Rule 60(b) motion that attacks the court's prior resolution of a § 2255 claim on the merits is 'similar enough' to a habeas motion that the district court, under 28 U.S.C. § 2244 and 28 U.S.C. § 2255(h), may not consider the motion without prior authorization from the court of appeals."  *Id.* at 5 (first quoting *Crosby*, 545 U.S. at 531–32; and then citing *Arrington*, 763 F.3d at 23–24).

Applying these principles, the Court lacks jurisdiction to reopen the judgment denying defendant's § 2255 motion on the basis that no additional discovery was conducted.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Section 2255 Proceedings allows a judge to "authorize a party to conduct discovery"

only "for good cause."  A finding of "good cause" requires that "specific allegations" made by the petitioner give the court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy*, 520 U.S. at 908–09.  This standard "contemplate[s] that the habeas petitioner carries some burden to establish that discovery is merited."  *Fields*, 387 F. Supp. 3d at 7.  Consequently, "a claim that discovery was improperly denied works to undermine a prior merits decision," and a Rule 60(b) motion raising such a claim must be construed as a successive habeas petition, for which the petitioner must obtain pre-filing authorization from the D.C. Circuit.  *Id.*

Defendant's instant Rule 60(b)(4) motion "directly challeng[es] the integrity of his § 2255 proceedings because the denial of discovery prevented him from demonstrating his entitlement to collateral relief."  Def.'s Third Rule 60(b) Mot. at 5.  He argues that the jurisdictional bar to this Court's consideration of this claim, articulated in *Fields*, should not apply because he seeks discovery to "support his allegations of ineffective assistance of counsel due to inadequate investigating [of] pertinent matters."  *Id.* at 4 n.1.  The purpose for which discovery is sought, however, is inapposite to the jurisdictional analysis.  The Court found, in denying defendant's § 2255 petition and the request for additional discovery included therein, that he had not made the requisite showing of good cause necessary to allow a habeas petitioner discovery.  *See Taylor*, 254 F. Supp. 3d at 159–60.  This determination, regardless of the reason for which defendant then sought or now desires discovery, is a decision on the merits which cannot be revisited by this Court through the vehicle of a Rule 60(b) motion.  *See Fields*, 387 F. Supp. 3d at 7.

Nor does the presentation of new evidence alter the analysis: even if the documents defendant submits with the instant motion would demonstrate his entitlement to collateral relief,

9

this determination can be made only in deciding a successive habeas petition, filed with the approval of the D.C. Circuit. Of course, defendant may seek pre-filing authorization from the D.C. Circuit in order to pursue substantive review of his Rule 60(b) motion. Absent such authorization, however, this Court lacks authority both to reach the merits of his argument and to consider the weight of the new evidence he has collected.[3]

## III. ORDER

For the foregoing reasons, defendant's third Rule 60(b) motion is somewhat distinct from his first and second Rule 60(b) motions, and may be filed. The motion's challenge to the denial of discovery to defendant in the disposition of his habeas petition, however, is a challenge to the merits of that decision. As a result, defendant's third Rule 60(b) motion must be construed as a successive habeas petition, which, without the D.C. Circuit having granted permission to file, is outside the jurisdiction of this Court and must be denied.

Accordingly, it is hereby

**ORDERED** that defendant's Motion for Reconsideration, ECF No. 116, is **GRANTED**; and it is further

**ORDERED** that defendant's Motion Under Rule 60(b) to Re-Open Habeas Corpus Proceedings Pursuant to § 2255 is **DENIED**.

---

[3] Defendant's frustration with the procedural hurdles he faces in seeking a decision on the merits of this argument and with delays due to extensions of time granted to the government to file its opposition to defendant's motion for reconsideration is apparent. *See* Def.'s Obj. to Granting Further Extensions of Time as to the Pending Litigation, ECF No. 121. "The adversarial process requires thoughtful, developed argument by both parties explaining what the parties' competing positions are, the factual basis for those positions, and the legal authority supporting the arguments presented." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *Maxson v. Mosaic Sales Sols. U.S. Operating Co.*, No. 2:14-cv-02116, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015)). To achieve this goal, schedules for briefing motions must "allow attorneys the time needed to sufficiently present their competing positions" and allow extensions, when necessary, to ensure "that both parties have the opportunity to fully present their positions to the Court, giving the Court the ability to rely on thoughtful briefs in making its decision on the pending motion." *Id.*

**SO ORDERED.**

Date: October 20, 2020

_____
BERYL A. HOWELL
Chief Judge