**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GARFIELD M. TAYLOR,<br><br>               Defendant. | Criminal Action No. 13-67 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION AND ORDER**

On October 20, 2020, this Court denied defendant Garfield M. Taylor's third Rule 60(b) motion, which sought to reopen his habeas proceedings on the basis that he was improperly denied additional discovery that would have substantiated his claim of ineffective assistance of counsel. *See United States v. Taylor* (*"Taylor II"*), Crim. Action No. 13-67 (BAH), 2020 WL 6146787, at *1, *6 (D.D.C. Oct. 20, 2020). The defendant then filed a Notice of Appeal and Application for Certificate of Appealability ("Def.'s Appl."), ECF Nos. 126, 127, and the D.C. Circuit held his appeal in abeyance to allow this Court to consider, in the first instance, whether a certificate of appealability ("COA") is warranted, Order ("D.C. Cir. Order") at 1, ECF No. 129. The defendant contends that he is entitled to a COA because the decision denying his third Rule 60(b) motion "conflates re-opening the habeas proceedings with a request for ultimate habeas relief on the merits," Def.'s Appl. at 3, and "the question of whether [his third Rule 60(b) motion] is a true 60(b) is adequate to deserve encouragement to proceed further," *id.* at 5. The government opposes the application, arguing that the defendant has not carried his burden to demonstrate "that reasonable jurists would debate, or find wrong," this Court's conclusion that it lacked jurisdiction to rule on the defendant's third Rule 60(b) motion absent prior authorization from the D.C. Circuit. Gov't's Opp'n Def.'s Appl. for Certificate of Appealability ("Gov't's

1

Opp'n") at 8, ECF No. 130; *see also id.* at 6–9.  For the reasons stated below, the defendant's application for a COA is denied.

## I.    BACKGROUND

The factual and procedural background of this case has been fully summarized in prior decisions.  *See Taylor II*, 2020 WL 6146787, at *1–3; *United States v. Taylor* ("*Taylor I*"), 254 F. Supp. 3d 145, 149–52 (D.D.C. 2017).  Only those facts necessary for resolving the instant motion are provided herein.

On March 6, 2014, the defendant pled guilty to one count of securities fraud, in violation of 15 U.S.C. §§ 78j and 78ff.  *Taylor I*, 254 F. Supp. 3d at 150; *Taylor II*, 2020 WL 6146787, at *1.  This charge "stemm[ed] from his operation," from roughly 2006 to 2010, "of a Ponzi scheme that defrauded over 150 victims of over $25 million."  *Taylor I*, 254 F. Supp. 3d at 149; *see also Taylor II*, 2020 WL 6146787, at *1.  On May 12, 2015, the defendant was sentenced to 156 months of incarceration.  He was also ordered to pay restitution in the amount of $28,609,438 to the victims of his scheme.  *Taylor I*, 254 F. Supp. 3d at 151; *Taylor II*, 2020 WL 6146787, at *1.  Approximately one year after his sentence was imposed, on May 4, 2016, the defendant's case was reassigned to the undersigned Judge, following the retirement of the original sentencing Judge.  *Taylor II*, 2020 WL 6146787, at *1 (citing Min. Entry (May 4, 2016)).

Soon after, on May 24, 2016, the defendant filed *pro se* motions pursuant to 28 U.S.C. § 2255, seeking to have his guilty plea and sentence vacated on the basis that he received ineffective assistance of counsel and requesting leave to conduct additional discovery in support of his ineffectiveness claim.  *Taylor I*, 254 F. Supp. 3d at 149, 152.  On June 7, 2017, those motions were denied because "the defendant fail[ed] to demonstrate any instances of ineffective

assistance of counsel," *id.* at 154, and had not made the requisite showing of "'good cause'" for additional discovery, *id.* at 159 (quoting *Dist. Att'ys Off. for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 72 (2009)).

On July 21, 2017, the "defendant simultaneously appealed the Order denying his § 2255 petition and filed a new motion raising claims under Federal Rules of Civil Procedure 60(b)(1), 15(d), and 59(e), which motion was his first Rule 60(b) motion." *Taylor II*, 2020 WL 6146787, at *2. This Rule 60(b) motion, which challenged the Court's conclusion, in deciding the defendant's § 2255 motion, that he had not demonstrated ineffective assistance of counsel, "was 'construe[d] as in substance a . . . habeas petition' because it attacked the disposition of defendant's original § 2255 motion on the merits, . . . and therefore was subject to 'the limitations on second or successive motions' under 28 U.S.C. § 2255,'" including the requirement that the defendant obtain pre-filing authorization from the D.C. Circuit before filing the motion in this Court. *Id.* (alteration and first omission in original) (quoting Min. Order (Oct. 4, 2017)); *see also* 28 U.S.C. § 2255(h); *United States v. Arrington*, 763 F.3d 17, 23 (D.C. Cir. 2014). As a result of the defendant's failure to do so, the Rule 60(b) motion was denied in a minute order issued on October 4, 2017. *Taylor II*, 2020 WL 6146787, at *2 (citing Min. Order (Oct. 4, 2017)).

On December 14, 2017, the defendant was granted leave to file three further *pro se* motions, including his second Rule 60(b) motion. *Id.* This motion "again advanced the argument that [defendant] had received ineffective assistance of counsel." *Id.* On December 15, 2017, the defendant's second Rule 60(b) motion was "denied . . . on the merits" because it was "'virtually identical'" to his earlier motions, and its only new claim, that defendant's first Rule

60(b) motion "'should not have been construed as a successive § 2255 motion,' . . . was

'precluded as a matter of law by [*Arrington*].'" *Id.* at *3 (quoting Min. Order (Dec. 15, 2017)).

In March 2020, defendant sought leave to file a third *pro se* Rule 60(b) motion to reopen

his § 2255 proceedings because "denial of [additional] discovery prevented him from

demonstrating his entitlement to collateral relief," Def.'s Mot. Under Rule 60(b) to Re-Open

Habeas Corpus Proceedings Pursuant to § 2255 ("Def.'s Mot."), at 5, ECF No. 124, and

"records . . . obtained [by defendant] after the denial of collateral relief" would have supported a

finding of ineffective assistance of counsel and a resulting decision to vacate his sentence, *id.* at

7.  The proposed motion included "a number of exhibits . . . consisting primarily of financial

statements, bank records, and checks from defendant's former companies and investors, [which]

constitute[d] at least some portion of the new evidence that, defendant claims, he was prevented

from obtaining and that would have proven his right to collateral relief."  *Taylor II*, 2020 WL

6146787, at *3.  Leave to file this third Rule 60(b) motion was initially denied because the

motion "'ha[d] previously been denied.'"  *Id.* (alteration in original) (quoting Min. Entry (Mar.

13, 2020)).  The defendant submitted a *pro se* motion, dated April 6, 2020, seeking

reconsideration of this decision, which motion was entered on the docket on April 24, 2020.  *Id.*

On October 20, 2020, the defendant's motion for reconsideration was granted.  *Id.* at *4.

His third Rule 60(b) motion therefore was docketed, *see* Def.'s Mot., but was denied in the same

order, *Taylor II*, 2020 WL 6146787, at *6.  The Court explained that, in the habeas context, "[a]

Rule 60(b) motion may be brought to 'attack[], not the substance of the federal court's resolution

of a claim on the merits, but some defect in the integrity of federal habeas proceedings.'"  *Id.* at

*4 (second alteration in original) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).  Thus,

"'a Rule 60(b) motion that attacks the court's prior resolution of a § 2255 claim on the merits is

similar enough to a habeas motion'" that it constitutes a second or successive habeas petition and consequently, "'the district court . . . may not consider the motion without prior authorization from the court of appeals.'" *Id.* (quoting *United States v. Fields*, 387 F. Supp. 3d 1, 5 (D.D.C. 2019)).  The defendant's third Rule 60(b) motion, which "challenge[d] . . . the denial of discovery to defendant in the disposition of his habeas petition . . .[was] a challenge to the merits of that decision." *Id.* at *6; *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Fields*, 387 F. Supp. 3d at 7 (finding that "a claim that discovery was improperly denied works to undermine a prior merits decision").  As a result,  the motion was "construed as a successive habeas petition, which, without the D.C. Circuit having granted permission to file, [was] outside the jurisdiction of this Court" and was therefore denied. *Taylor II*, 2020 WL 6146787, at *6.

On December 22, 2020, the defendant appealed the denial of his third Rule 60(b) motion to the D.C. Circuit, and filed an application for a COA.  Def's Appl.  On December 31, 2020, the D.C. Circuit referred the defendant's appeal to this Court to determine whether a COA is warranted.  D.C. Cir. Order at 1.  At the Court's direction, *see* Min. Order (Jan. 4, 2021), on January 15, 2021, the government filed its opposition, *see* Gov't Opp'n.  Defendant's application is now ripe for resolution.

## II.   LEGAL STANDARD

A defendant may not appeal "the final order in a proceeding under section 2255" unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  If a defendant's claim is denied on the merits, a COA may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2); *see also United States v. Clark*, 977 F.3d 1283, 1286 (D.C. Cir. 2020); *Blount v. United States*, 860 F.3d 732, 736 (D.C. Cir. 2017).  To satisfy this requirement, the petitioner must "demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Blount*, 860 F.3d at 736; *Arrington*, 763 F.3d at 23. "Where . . . 'the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' the successful COA applicant must show [the court] that 'jurists of reason would find . . . debatable' not only 'whether the petition states a valid claim of the denial of a constitutional right,' but also 'whether the district court was correct in its procedural ruling.'" *Blount*, 860 F.3d at 736 (second omission in original) (quoting *Slack*, 529 U.S. at 478).

## III.   DISCUSSION

The defendant's third Rule 60(b) motion sought to reopen his § 2255 proceedings on the ground that the Court's denial of his § 2255 motion in *Taylor I* was "void" and a "legal nullity" because, in his view, the denial of additional discovery in that case constituted a denial of due process. Def.'s Mot. at 2, 5, 8, 10. In his application for a COA, the defendant now contends that that the Court's denial of his third Rule 60(b) motion in *Taylor II* inappropriately conflated his request to reopen his habeas proceedings with a request for relief on the merits, and that the question of whether his third Rule 60(b) motion should have been treated as a successive habeas petition rather than a Rule 60(b) motion is itself sufficient to support a COA. Def.'s Appl. at 3, 5. The defendant does not, however, demonstrate that reasonable jurists would debate the denial of his third Rule 60(b) motion for failure to comply with § 2255(h)'s pre-filing authorization requirement and therefore is not entitled to a COA.

Rule 60(b) applies in habeas proceedings "only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules," *Crosby*, 525 U.S. at 529 (alteration in original) (internal quotation marks omitted); *see also Arrington*, 763 F.3d at 22 (holding that this

principle applies to § 2255 proceedings), including, as relevant here, the habeas statute's

mandate that a district court may not consider any second or successive petition for relief under

§ 2255 without the pre-filing approval of a court of appeals, *see* 28 U.S.C. § 2255(h).  This

"requirement to obtain authorization for a second or successive habeas petition is a jurisdictional

prerequisite." *Ford v. Massarone*, 902 F.3d 309, 314 (D.C. Cir. 2018) (citing *Burton v. Stewart*,

549 U.S. 147, 153 (2007); *United States v. Springer*, 875 F.3d 968, 982 (10th Cir. 2017)).  In the

habeas context, a true Rule 60(b) motion may be brought only to "attack[] . . . some defect in the

integrity of federal habeas proceedings." *Crosby*, 545 U.S. at 532; *see also Arrington*, 763 F.3d

at 22.  Thus, a Rule 60(b) motion that does not challenge the resolution of a § 2255 claim on

procedural grounds, but instead "seeks to add a new ground of relief" or "attacks the federal

court's previous resolution of a claim on the merits" must be treated as a successive habeas

petition, subject to § 2255(h)'s pre-filing authorization requirement.  *Crosby*, 525 U.S. at 532

(emphasis omitted); *see also Fields*, 387 F. Supp. 3d at 4.

Applying this framework, the government contends that the defendant fails to make the

requisite showing that reasonable jurists would debate *Taylor II*'s conclusions that the

defendant's third Rule 60(b) motion is functionally a successive habeas petition and thus must be

denied because he did not obtain pre-filing authorization from a court of appeals.  Gov't Opp'n

at 6–9.  The defendant's third Rule 60(b) motion raises the claim that the denial of additional

discovery in his § 2255 proceeding constituted a denial of due process that prevented him from

substantiating his ineffectiveness claim.  Def.'s Mot. at 2, 5, 8, 10.  The defendant contends that

"[a] reasonable jurist could disagree with this Court's" conclusion that his discovery claim

challenges the resolution of the merits of his § 2255 petition because the reopening of his habeas

petition to allow for new discovery "would not automatically assure any success" on his

7

underlying requests to vacate his guilty plea and sentence.  Def.'s Appl. at 3.  This argument, however, misunderstands the relationship between the good-cause standard for a habeas petitioner to obtain discovery and the resolution of the underlying habeas claims.

Habeas petitioners are "not entitled to discovery as a matter of ordinary course." *Bracy*, 520 U.S. at 904.  Rather, Rule 6(a) of the Rules Governing Section 2255 Proceedings allows a judge to "authorize a party to conduct discovery" only "for good cause."  To make a showing of good cause, the petitioner must raise "specific allegations" that give the court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (omission in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).  This standard imposes on habeas petitioners "some burden to establish that discovery is merited," *Fields*, 387 F. Supp. 3d at 7, because it might ultimately allow the petitioner to demonstrate his entitlement to post-conviction relief.  A petitioner's argument, in the context of a Rule 60(b) motion, that he has made this showing and therefore should have been granted discovery necessarily encompasses the argument that his underlying claims for post-conviction relief were wrongly denied in the first place, regardless of whether the petitioner would ultimately prevail in new habeas proceedings.  Consequently, "a claim that discovery was improperly denied works to undermine a prior merits decision," *id.*, and no reasonable jurist would debate the conclusion that a Rule 60(b) motion such as defendant's, challenging the disposition of a discovery claim, must be construed as a successive habeas petition, *see, e.g.*, *In re Robinson*, 917 F.3d 856, 866 (5th Cir. 2019) (finding that petitioner's Rule 60(b) motion challenging the denial of a discovery request during his § 2255 proceedings was "best viewed as a second or successive § 2255 motion"); *Deloge v. Warden, Wyo. Medium Corr. Inst.*, 766 F. App'x 609, 612 (10th Cir. 2019) (same); *Fields*, 387 F. Supp. 3d at 7.

Having established that the defendant's third Rule 60(b) motion is properly treated as a successive habeas petition, subject to the procedural requirements set forth in § 2255(h), no reasonable jurist would dispute the resulting conclusion that, absent pre-filing authorization from a court of appeals, the Court lacked jurisdiction over defendant's third Rule 60(b) motion. *See Taylor II*, 2020 WL 6146787, at *5–6. Indeed, the D.C. Circuit has found that a petitioner is not entitled to a COA challenging a district court's denial, on procedural grounds, of a Rule 60(b) motion for which the petitioner had not "obtained (or sought) a certificate of appealability" before filing. *Arrington*, 763 F.3d at 22. In such cases, the petitioner "[does] not—and cannot— satisfy the procedural requirements applicable to second or successive motions under § 2255," *id.* at 23, and "'jurists of reason' therefore would not debate the correctness of the district court's denial of the Rule 60(b) motion on procedural grounds," *id.* at 24 (alteration omitted) (quoting *United States v. Pollard*, 416 F.3d 48, 54 (D.C. Cir. 2005)); *see also United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (denying a COA "because reasonable jurists would not find debatable" the district court's dismissal of a Rule 60(b) motion for which the petitioner did not obtain pre-filing authorization); *Munoz v. United States*, 331 F.3d 151, 153 (1st Cir. 2003) (per curiam) (treating a Rule 60(b) as a successive § 2255 petition filed without prior approval and thus denying a COA).

## IV.   ORDER

Accordingly, upon consideration of the defendant's application, the government's opposition, and the entire record herein, it is hereby

**ORDERED** that the defendant Garfield M. Taylor's Application for a Certificate of Appealability is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall notify the D.C. Circuit that the Court has denied the defendant's application, *see* D.C. Cir. Order at 1.

**SO ORDERED.**

Date: January 21, 2021

_____
BERYL A. HOWELL
Chief Judge